UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL BROSTRON,<br><br>    Relator,<br>    v.<br><br>BREWER MACHINE & GEAR CO.,<br><br>    Defendant. | Case No.: T/B/D<br><br>*JURY TRIAL DEMANDED* |

Relator, Daniel Brostron ("Relator"), through counsel, for his Complaint against Defendant Brewer Machine & Gear Co. ("Brewer") alleges:

**INTRODUCTION**

1. Relator brings this *qui tam* action for false patent marking under 35 U.S.C. § 292.

2. The patent marking statute, 35 U.S.C. § 287(a), and the false patent marking statute, 35 U.S.C. § 292, exist to ensure that the public has accurate information on the existence of patent rights.

3. As set forth herein, Brewer has violated 35 U.S.C § 292(a) by falsely marking and advertising its T-Series automatic chain/belt tensioner (the "T-Series") as protected by "Patent NO. 3,374,686" (the '686 patent) for the purpose of deceiving purchasers, competitors, and the public into believing that the T-Series tensioner is protected by patent—when , in fact, the patent expired long ago.

4. Brewer's false marking conduct described in detail below injures the public interest because it stifles competition, and deters innovation and scientific research.

## JURISDICTION, VENUE, AND PARTIES

5. Relator, Daniel Brostron, is a natural person residing within the Eastern District of Missouri. Relator sues on his own behalf and on behalf of the United States.

6. Defendant Brewer is a Missouri corporation. Brewer's principal place of business is in the Eastern District of Missouri.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events giving rise to Plaintiffs' claims occurred in the Eastern District of Missouri, and Defendant is located and conducts business in this District.

## BREWER'S FALSE MARKING CONDUCT

9. In the mid-1960's, Carl T. Brewer invented a drive tensioning apparatus for belts and chains, providing an automatically adjusted, resiliently loaded drive tensioner. Carl T. Brewer then sought patent protection.

10. The '686 patent was filed on December 1, 1965, and issued on March 26, 1968. A true and correct copy of this patent is attached as *Exhibit 1* to this Complaint.

11. Brewer was assignee of the '686 patent (before its expiration).

12. The '686 patent expired no later than December 1985. Accordingly, the '686 patent has been expired for over twenty five years (indeed, longer than the term of the patent).

13. Between 1985 and the present date, Brewer knew that the patent expired, yet actively marked its website, and upon information and belief, products, with the expired patent number. A falsely marked T-Series advertisement from Brewer's website is attached as *Exhibit 2*.

14. Brewer could have no reasonable belief that the '686 patent was not expired when it created its website and advertisements.

15. Upon information and belief, Brewer is knowledgeable of technology and intellectual property issues, and its shareholders, officers, and/or directors conducted due diligence before and after the '686 patent where all of Brewer's assets were accounted for and considered. Indeed, Brewer's current principal, Michael Kolman, took on ever increasing roles leading up to the '686 patent's expiration, including the position as registered agent the same year that the '686 patent expired.

16. Upon information and belief, Brewer knows that patents have finite duration.

17. By marking and continuing to mark articles with expired patent numbers, Brewer has injured the interests of the United States, Brewer's customers and competitors, and discouraged competition, innovation and scientific research.

18. By marking and continuing to mark articles with expired patent numbers, Brewer intended to deceive the public and gain a competitive advantage over its rivals.

## COUNT I
## FALSE PATENT MARKING OF PRODUCTS AND MATERIALS
## WITH THE '686 PATENT

19. Relator incorporates by reference the allegations of paragraphs 1-15.

20. Since December 1985, Brewer has made and sold, and used in advertising in connection with the T-Series, the name, number and patent mark for the '686 patent

21. Brewer engaged in the conduct described above even though the '686 patent has expired.

22. Brewer was and is aware that the '686 patent was expired when it engaged in such conduct.

23. Brewer intentionally marked the T-Series in order to deceive its competitors and the consuming public into believing that Brewer would enforce the patent described in its advertisements and products.

24. Brewer knew that the T-Series is not covered by the expired patent marked on its advertisements and products because expired patents have no monopoly rights.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that the Court enter judgment in its favor and against Brewer as follows:

A. Enter a declaration that Brewer has violated 35 U.S.C. §292;

B. Enter an injunction prohibiting Brewer, and its agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violation 35 U.S.C. §292;

C. Order Brewer to pay a civil monetary fine of $500.00 per false marking offense, or an alternative amounts as determined by the Court, one-half of which shall be paid to the United States;

D. Order Brewer to provide an accounting for any falsely marked products;

E. Order Brewer to pay all costs, attorneys' fees, and applicable interests;

F. Grant Relator such further relief as deemed appropriate.

Dated: February 28, 2011                                  Respectfully submitted,

/s/ *Andrew W. Kuhlmann*
Andrew W. Kuhlmann #6294407IL
**KUHLMANN LLC**
1926 Chouteau Avenue
Saint Louis, Missouri 63103
Telephone: (314) 621-3267
Facsimile: (314) 627-5970
*andrew@kuhlmannfirm.com*